ON MOTION FOR REHEARING

GRIFFIN, Judge.
The court finds no merit in appellee’s motion for rehearing, and it is denied. Although the majority of the panel deciding this case remains of the view that the ease is correctly decided, we are aware of the just released decision of the Supreme Court of Florida in Wilding v. State, 674 So.2d 114, 116-18 (Fla.1996), and conclude the analysis undertaken by the court in that ease may represent a divergence from the interpretation of Powell v. Allstate Insurance Company, 652 So.2d 354 (Fla.1995), articulated in the majority opinion. Accordingly, sua sponte, we certify to the supreme court, pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v), the following question:
DOES ONE OR MORE JURORS’ DISCUSSION, DURING THE COURSE OF JURY DELIBERATIONS, OF A MATTER ADDUCED DURING THE COURSE OF TRIAL BUT WHICH THEY WERE INSTRUCTED TO DISREGARD CONSTITUTE AN OVERT ACT OF MISCONDUCT THAT WARRANTS A NEW TRIAL?
PETERSON, C.J., and W. SHARP, J., concur.